# ARNOLD & PORTER LLP

**John B. Bellinger III**
John.Bellinger@aporter.com

+1 202.942.6599
+1 202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

**WITHOUT PREJUDICE**

December 4, 2013

VIA E-MAIL

Robert J. Tolchin
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
rtolchin@berkmanlaw.com

  Re: Notices of Deposition of Yaacov Amidror and Matan Vilnai

Dear Counsel:

  I received your email from November 27, 2013, 2:55pm, attaching a "Notice of Deposition of Yaacov Amidror," purporting to give notice that your clients intend to take an oral deposition of Major General Yaacov Amidror on December 10, 2013, at 10:00am in Washington, D.C. or at various other locations on or before December 13, 2013. I also received your email from December 3, 2013, 6:08pm, attaching a "Notice of Deposition of Matan Vilnai," which similarly purports to notice a deposition of Ambassador Vilnai on December 15, 2013, at 10:00am in Washington, D.C. or at other locations on or before December 13, 2013.

  As you are aware, neither the State of Israel nor Major General Amidror nor Ambassador Vilnai is a party to your civil action or any of the related proceedings. Under the Federal Rules of Civil Procedure, a notice to take the deposition of a nonparty has no legal effect. A valid and properly served subpoena is required to secure the testimony of a nonparty. *See, e.g., Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1175 (D.C. Cir. 1985) ("To compel a [nonparty] witness to attend a deposition under Rule 30(a), a party must obtain a subpoena under Rule 45(d)."); *Simms v. Ctr. for Corr. Health & Policy Studies*, 272 F.R.D. 36, 41 (D.D.C. 2011) ("To compel these non-party witnesses to testify, therefore, plaintiff must subpoena them to testify. She cannot rely on a notice of deposition to compel them to testify."); *Chevron Corp. v. Salazar*, 275 F.R.D. 422, 426 (S.D.N.Y. 2011) ("As nonparties in that action, th[ey] are not subject to deposition merely by the service of a notice. Service of a subpoena would be

## ARNOLD & PORTER LLP

December 4, 2013
Page 2

necessary."). *Accord* 8A Charles Alan Wright et al., Federal Practice and Procedure § 2106 (3d ed. 2008) ("if the deponent is not a party, he or she must be subpoenaed").

    If you have any legal authority to support the noticing of a deposition of a nonparty without a subpoena in the motion to quash context, I would be happy to review it and discuss it with you.

                        Sincerely,

                        John B. Bellinger III